UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FRANK E. VALENCIA,
          Plaintiff,

v.

COUNTY OF WESTCHESTER; CORRECT
CARE SOLUTIONS, LLC; WCJ MEDICAL
DIRECTOR RAUL ULLOA; WCJ MEDICAL
ADMIN. ALEXIS GENDELL, M.D.; WCJ
PHYSICIAN JOON PARK, M.D.;
WESTCHESTER COUNTY CORRECTION
DEPUTY COMMISSIONER LEANDRO
DIAZ; and WESTCHESTER CORRECTION
COMMISSIONER JOSEPH K. SPANO,
          Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 1699 (VB)

     Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action against defendants the County of Westchester, Correct Care Solutions, LLC, Alexis Gendell, Joon Park, Raul Ulloa, Commissioner Joseph Spano, and Deputy Commissioner Leandro Diaz.

     On July 1, 2019, Correct Care Solutions, LLC, Alexis Gendell, Joon Park, and Raul Ulloa moved to dismiss plaintiff's complaint. (Doc. #17). On August 15, 2019, and August 19, 2019, Westchester County, Leandro Diaz, and Joseph Spano (the "County defendants") filed two motions to dismiss the complaint. (Docs. ## 23, 25).

     By Order dated August 12, 2019, the Court set a deadline of September 20, 2019, for plaintiff to submit a single opposition to the pending motions to dismiss. (Doc. #22).

     Plaintiff failed to oppose the motions or seek an extension of time to do so.

     On October 4, 2019, the Court terminated as moot the County defendants' first motion to dismiss (Doc. #23), and sua sponte extended to November 4, 2019, plaintiff's time to oppose the other pending motions. (Docs. ##33, 34).

     On October 7, 2019, the County defendants informed the Court that their first motion to dismiss (Doc. #23) should not have been terminated because it sought dismissal of plaintiff's medical claims, unlike their second motion to dismiss (Doc. #25), which sought dismissal of plaintiff's non-medical claims. (Doc. #35).

     On October 10, 2019, the Court terminated the County defendants' August 19 motion to dismiss (Doc. #25) and instructed the County defendants to file a new, single motion to dismiss, addressing all claims, by October 25, 2019. (Doc. #36). In addition, the Court sua sponte

1

extended to November 29, 2019, plaintiff's time to file a single opposition to the motions to dismiss. (Id.).

The County defendants filed a single motion to dismiss on October 24, 2019. (Doc. #37).

Again, plaintiff failed to oppose the motions or seek an extension of time to do so.

On December 10, 2019, the sua sponte extended to December 23, 2019, plaintiff's time to oppose the pending motions to dismiss. (Doc. #42). The December 10 Order warned plaintiff, in bold and underlined font, that the Court would consider the pending motions fully submitted and unopposed if plaintiff failed to oppose the motions by December 23, 2019. (Id.).

To date, plaintiff has failed to oppose the motions.

Accordingly, the Court deems the motions (Docs. ##17, 37) fully submitted and unopposed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 6, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge