UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FRANK E. VALENCIA,
               Plaintiff,

v.

WESTCHESTER COUNTY; CORRECT CARE
SOLUTIONS, LLC; RAUL ULLOA, Medical
Director; ALEXIS GENDELL, M.D., Medical
Administrator; JOON PARK, M.D., Physician;
JOSEPH K. SPANO, Commissioner; and
LEANDRO DIAZ, Deputy Commissioner,
               Defendants.
--------------------------------------------------------------x

**ORDER OF DISMISSAL**

19 CV 1699 (VB)

       Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated February 14, 2019.  (Doc. # 2).

       On July 1, 2019, defendants Correct Care Solutions, LLC, Alexis Gendell, Joon Park, and Raul Ulloa moved to dismiss the complaint.  (Doc. #17).  On August 15, 2019, and August 19, 2019, defendants Westchester County, Leandro Diaz, and Joseph Spano (the "County defendants") filed two motions to dismiss the complaint.  (Docs. ## 23, 25).

       By Order dated August 12, 2019, the Court set a deadline of September 20, 2019, for plaintiff to submit a single opposition to the pending motions to dismiss.  (Doc. #22).

       Plaintiff failed to oppose the motions or seek an extension of time to do so.

       Accordingly, on October 4, 2019, the Court terminated as moot the County defendants' first motion to dismiss (Doc. #23), and sua sponte extended to November 4, 2019, plaintiff's time to oppose the other pending motions.  (Docs. ##33, 34).

       On October 7, 2019, the County defendants informed the Court that their first motion to dismiss (Doc. #23) should not have been terminated because it sought dismissal of plaintiff's

1

medical claims, unlike their second motion to dismiss (Doc. #25), which sought dismissal of plaintiff's non-medical claims. (Doc. #35).

On October 10, 2019, the Court terminated the County defendants' August 19 motion to dismiss (Doc. #25) and instructed the County defendants to file, by October 25, 2019, a new, single motion to dismiss, addressing all claims. (Doc. #36). In addition, the Court sua sponte extended to November 29, 2019, plaintiff's time to file a single opposition to the motions to dismiss. (Id.).

The County defendants filed a single motion to dismiss on October 24, 2019. (Doc. #37).

Again, plaintiff failed to oppose the motions or seek an extension of time to do so.

On December 10, 2019, the Court sua sponte extended to December 23, 2019, plaintiff's time to oppose the pending motions to dismiss. (Doc. #42). The December 10 Order warned plaintiff, in bold and underlined font, that the Court would consider the pending motions fully submitted and unopposed if plaintiff failed to oppose the motions by December 23, 2019. (Id.).

Plaintiff failed to oppose the motions by December 23, 2019.

By Order dated January 6, 2020, the Court deemed defendants' motions fully submitted and unopposed. (Doc. #46).

On March 13, 2020, the Court issued an Opinion and Order granting defendants' motions to dismiss and also granting plaintiff leave to file an amended complaint as to his First Amendment retaliation claim only. (Doc. #47). The Opinion and Order stated as follows:

> Plaintiff shall file his amended complaint by no later than April 13, 2020, using the amended complaint form attached to this Opinion and Order. **If plaintiff fails to file an amended complaint or seek additional time to do so by April 13, 2020, the Court will deem plaintiff to have abandoned this case, and will direct the Clerk to enter judgment in defendants' favor and close this case.**

(Id. at 19).

To date, plaintiff has not filed an amended complaint. Indeed, plaintiff's last communication with the Court came by letter dated August 6, 2019. (See Doc. #22). Accordingly, the Court concludes plaintiff has abandoned this case. Having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is directed to enter judgment in defendants' favor and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: May 7, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

3